**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
RICHARD M. ZELMA,                           :
                                            :
       Plaintiff,                      :
                                            :   Civil Action No. 08-1030 (JAG)
       v.                              :
                                            :   **OPINION**
UNITED ONLINE COMMUNICATIONS,               :
INC., A/K/A UNITED ONLINE, D/B/A            :
NETZERO, AND A/D/B/A JUNO AND               :
JOLANE POINDEXTER INDIVIDUALLY              :
AND JOLANE POINDEXTER D/B/A                 :
HOGAN'S PHARMACY, INC. AND                  :
HOGAN'S PHARMACY, INC. AND                  :
DR. SAMUEL N. GRIEF AND JOHN                :
DOES (1-5) AND ABC CORPORATIONS             :
(1-5),                                      :
                                            :
       Defendants.                     :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion by pro se plaintiff Richard M. Zelma ("Plaintiff" or "Zelma") to remand this action to state court. For the reasons set forth below, this Court shall grant Plaintiff's motion.

### I. BACKGROUND

On January 4, 2008, Zelma, a citizen of New Jersey, filed an Amended Complaint[1] in the Superior Court of New Jersey, Bergen County, against the following named defendants: (1) Jolane

---

[1] Although the Complaint is labeled "First Amended Complaint," neither party provided this Court with a copy of the original complaint.

Poindexter; (2) Hogan's Pharmacy, Inc. ("Hogan's Pharmacy")[2]; (3) Dr. Samuel N. Grief ("Grief," and, collectively with Poindexter and Hogan's Pharmacy, the "Defendants"); and (4) United Online Communications, Inc., a/k/a United Online, d/b/a NetZero, and a/d/b/a Juno.[3] Poindexter and Hogan's Pharmacy are citizens of Kansas (Compl. ¶ 5-7), and Grief is a citizen of Illinois (id. ¶ 9).

In the Amended Complaint, Plaintiff alleges that Defendants knowingly and willfully sent twelve "unsolicited facsimiles to Plaintiffs [sic] telephone fax line," which "encouraged the purchase of discounted prescription related products." (Id. ¶ 16-17). The Amended Complaint asserts causes of action for (1) violation of the federal Telephone Consumer Protection Act (the "TCPA"), codified at 47 U.S.C. § 227(b)(1)(C); and (2) violation of New Jersey's Consumer Fraud Act (the "NJ Consumer Fraud Act"), codified at N.J. STAT. ANN. § 56:8-159. (Id. ¶ 33-41.) Plaintiff seeks a total damage award of $24,000 for the aforementioned violations. (Id. at 10.) Plaintiff also seeks injunctive relief, pursuant to 47 U.S.C. § 227(b)(3)(A).

Poindexter and Hogan's Pharmacy were served with the Summons and Complaint on January 27, 2008 and January 28, 2008, respectively. (See Sheriff's Return of Service, attached as Ex. 1 to Cert. of Richard M. Zelma in Support of Plaintiff's Mot. to Remand ("Zelma Cert.").) Grief was served several days later, on February 1, 2008. (See Aff. of Service, attached as Ex. 2 to the Zelma Cert.)

---

[2] Plaintiff states in the Amended Complaint that "[i]nformation from public records show Poindexter owning, operating and listed as President/CEO and Director of . . . Hogan's Pharmacy, Inc." (Compl. ¶ 6.)

[3] Plaintiff entered into a stipulation dismissing, with prejudice, United Online Communications, Inc. (Stipulation of Dismissal with Prejudice, attached as Ex. B to Defs. Notice of Removal.)

On or about February 26, 2008, Poindexter and Hogan's Pharmacy removed this action to federal court. (Defs. Notice of Removal (Docket Entry No. 1).) In their Notice of Removal, Poindexter and Hogan's Pharmacy asserted that removal is appropriate under § 1332. (Id. ¶ 14.) Grief did not join this removal petition.[4] (Id. at 5.) On March 5, 2008, however, Grief filed a letter with this Court manifesting his consent to the removal. (Docket Entry No. 4.)

On March 13, 2008, Plaintiff filed a motion to remand this action to state court. Plaintiff asserts the following grounds in support of his motion to remand: (1) Grief did not timely consent to the removal petition, in contravention of the requirements set forth under the "rule of unanimity"; and (2) there is no diversity jurisdiction because the amount in controversy does not exceed $75,000.[5] (Mot. to Remand 5-6.)

## II.  LEGAL STANDARD

Removal of a state action to federal court is proper if the matter could have been originally filed in the federal forum. 28 U.S.C. § 1441. The removing party bears the burden of proving that, "at all stages of the litigation[,] the case is properly before the federal court." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Packard v. Provident Nat. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). A removed case shall be remanded to state court "[i]f at any

---

[4] According to the Notice of Removal, Grief did not respond to communications from Poindexter and Hogan's Pharmacy, even though they "made a number of reasonably diligent, good faith attempts to contact [him]." (Id. ¶ 10.)

[5] Plaintiff's Motion to Remand additionally argues that there is no federal question jurisdiction under the TCPA. (Mot. to Remand 3.) Defendants concede that the TCPA does not provide for federal question jurisdiction (Opp'n to Mot. to Remand 9 n.1) and do not raise § 1331 as a ground for removal.

time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

When a removal petition is premised on diversity jurisdiction, as is the case here, the removal statutes are to be "strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett, 357 F.3d at 396 (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "[A]ll doubts" as to the propriety of removal jurisdiction "should be resolved in favor of remand." Boyer, 913 F.2d at 111 (citations omitted). Construing the removal statutes strictly also gives proper weight to the plaintiff's choice of forum. See McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989) (observing that such strict construction "strikes an appropriate balance between defendants' collective right to a federal forum and [plaintiff's] right to remain in [its] chosen forum.").

### III.  DISCUSSION

**A.  Since Grief's Consent to Removal Was Untimely, the "Rule of Unanimity" Requirement Has Not Been Satisfied**

28 U.S.C. § 1446 sets forth the procedures for removing a state action to federal court. Under § 1446, a defendant desiring to remove a state action to federal court must file a notice of removal with the district court within thirty days of receiving a copy of the complaint. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."). The "rule of unanimity" construes the removal statute as requiring that *all* served defendants join the notice of removal, or otherwise consent to the removal, within the requisite thirty-day period. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) ("Despite the ambiguity of the term 'defendant or defendants' [in § 1446],

. . . it is well established that removal generally requires unanimity among the defendants.") (citation omitted); see also Michaels v. New Jersey, 955 F. Supp. 315, 319 (D.N.J. 1996) ("[I]t is a well-settled rule of law—commonly known as the 'rule of unanimity'—that all defendants must join in or consent to the removal petition.") (citations omitted).  Under the rule of unanimity, while every defendant need not sign the actual notice of removal, every defendant must provide "some form of unambiguous *written* evidence of consent to the court in timely fashion."  Michaels, 955 F. Supp. at 321 (emphasis in original); see also Bauer v. Glatzer, No. 07-4501, 2007 WL 4440213, at *2 (D.N.J. Dec. 17, 2007) ("Although each defendant need not have signed the removal notice, he or she should provide unambiguous *written* evidence of consent to the court in timely fashion.").

As applied to this case, Grief was served with the Amended Complaint on February 1, 2008, and was required to consent to the removal by March 3, 2008.  This Court, however, did not receive Grief's assent until March 5, 2008, after the statutorily mandated thirty-day period had ended.  Grief's consent to the removal was therefore untimely.

Grief argues that this Court should disregard his untimely consent because "the Plaintiff was not prejudiced" by his failure to comply with the removal procedures.  (Opp'n Mot. to Remand 6.)  However, the removal analysis does not take into consideration whether Plaintiff was at all prejudiced.  Rather, as discussed earlier, removal statutes must be strictly construed against removal, and any doubts as to the propriety of removal jurisdiction should be resolved in favor of remand.  Samuel-Bassett, 357 F.3d at 396; Silverman v. China Nat. Native Produce & Animal By-Products Import, 2007 WL 518605, at *4 (W.D. Pa. June 29, 2007) ("[T]he time limitations of section 1446(b) must be strictly observed, and the burden of establishing the timeliness of a removal petition is on the removing party.") (citing Adelphia Fire Prot., Inc. v. Egner, No. 06-185,

2006 WL 1751780, at *2 (M.D. Pa. June 22, 2006)).  Grief's failure to comply with the requirements set forth in § 1446 requires this Court to remand this action to state court.

## B. Since the Amount In Controversy Does Not Exceed $75,000, There Is No Diversity Jurisdiction

Even if this Court chose to overlook Grief's dilatory consent, this action would still be remanded to state court because this Court does not have subject matter jurisdiction.

Under § 1332, federal district courts have jurisdiction over cases where the plaintiff(s) and defendant(s) are citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, the parties agree that the diversity of citizenship requirement is fulfilled because Plaintiff is a citizen of New Jersey, Poindexter and Hogan's Pharmacy are citizens of Kansas, and Grief is a citizen of Illinois.

The parties diverge, however, on whether the amount in controversy prong is satisfied.  Although Defendants contend that "the amount in controversy exceeds $75,000, exclusive of interest and costs" (Notice of Removal ¶ 8), Plaintiff asserts that the damages sought are "well below $75,000."  (Mot. to Remand 3.)

The removing Defendants, as the party invoking federal jurisdiction, "must prove to a legal certainty that plaintiff *can* recover the jurisdictional amount."  Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis added).  The Third Circuit requires such legal certainty "where the complaint specifically avers that the amount sought is *less* than the jurisdictional minimum." Id. at 196-97 (emphasis added); see also Raspa v. Home Depot, 533 F. Supp. 2d 514, 521 (D.N.J. 2007) ("[W]here the plaintiff expressly limits his claim below the jurisdictional amount as a precise statement in the complaint . . . the proponent of jurisdiction must show, to a legal certainty,

6

that the amount in controversy exceeds the statutory threshold.").

The Amended Complaint requests (1) $18,000 in aggregate damages for the twelve alleged violations of the TCPA; and (2) $6,000 in aggregate damages for the twelve alleged violations of the NJ Consumer Fraud Act. (Compl. 10.) In expressly seeking damages totaling $24,000, Plaintiff has "specifically averr[ed] that the amount sought is less than the jurisdictional minimum." Frederico, 507 F.3d at 196-97.

In addition, the TCPA and the NJ Consumer Fraud Act both expressly cap the amount of damages a plaintiff may receive. In particular, a plaintiff may receive, at most, $1,500 per TCPA violation.[6] 47 U.S.C. § 227(b)(3). Since Plaintiff's Complaint alleges twelve violations, Plaintiff could, at best, receive a maximum damage award of $18,000. The NJ Consumer Fraud Act similarly caps the maximum possible damages a plaintiff can receive at no more than $12,000 for twelve unsolicited facsimiles. N.J. STAT. ANN. § 56:8-159(c). In light of these statutory caps, the Amended Complaint could only support a maximum damage award of $30,000.

Defendants do not dispute the statutorily-imposed barrier impeding Plaintiff from requesting $75,000. Instead, Defendants assert that "there is a reasonable probability that the amount in controversy, including recovery for alleged violations of 47 U.S.C. §§ 227(b)(1)(C), (b)(3)(C), and 312(f)(1), and N.J.S.A.§ 56:8-159, plus unspecified attorney[']s fees as provided by statute, and the other unspecified damages sought, when aggregated, could result in Plaintiff's

---

[6] Under 47 U.S.C. § 227(b)(3), "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" $500, the maximum damage award imposed for non-willful TCPA violations.

recovery of more than $75,000." (Opp'n Mot. to Remand 12.) However, since Plaintiff is not represented by counsel,[7] and since Defendants must establish to a legal certainty that Plaintiff can recover the jurisdictional amount, Defendants' "reasonable probability" argument does not satisfy this requirement. Plaintiff's motion to remand shall be granted.

## IV.   CONCLUSION

For the reasons set forth above, this Court shall grant Plaintiff's motion to remand this action to the Superior Court of the State Court of New Jersey, Bergen County.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.



Date: June 27, 2008

---

[7] Pro se litigants may not be awarded attorneys' fees. See, e.g., Kay v. Ehrler, 499 U.S. 432, 438 (1991) (explaining that "[a] rule [] authoriz[ing] awards of counsel fees to *pro se* litigants -- even if limited to those who are members of the bar -- would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case."). Therefore, the amount in controversy may not take into account an award of counsel fees.